IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 9, 2013

**STATE OF TENNESSEE v. JODY CANDACE SEAMAN**

**Appeal from the Circuit Court for Madison County**
**No. 12-42    Donald H. Allen, Judge**

_____

**No. W2012-01755-CCA-R3-CD  - Filed July 26, 2013**

_____

The Defendant, Jody Candace Seaman, pleaded guilty to identity theft, a Class D felony, second offense driving under the influence (DUI), a Class A misdemeanor, and fifth offense driving on a revoked license, a Class A misdemeanor. *See* T.C.A. §§ 39-14-150 (2010), 55-10-401 (2012), 55-50-504 (2012).  The trial court sentenced her as a Range I, standard offender to four years for identity theft, eleven months, twenty-nine days for second offense DUI, and eleven months, twenty-nine days for fifth offense driving on a revoked license. The court ordered partial consecutive sentences, for an effective sentence of four years, eleven months, and twenty-nine days.  On appeal, she contends that the trial court erred by ordering consecutive sentences.  We affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which JERRY L. SMITH and ALAN E. GLENN, JJ., joined.

Gregory D. Gookin, Jackson, Tennessee, for the appellant, Jody Candace Seaman.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; James G. (Jerry) Woodall, District Attorney General; and Anna Banks Cash, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

According to the State's recitation of the facts at the May 23, 2012 guilty plea hearing,

[O]n or about July the 9th of last year, officers responded to what they termed as a strange situation.  They [saw] in Madison County . . . the defendant driving a vehicle . . . at a high rate of speed.  They stopped the

vehicle and made contact with the defendant . . . but she gave a false name, date of birth and Social Security. They noticed her acting strangely. They did suspect her to be under the influence of crack cocaine. She was taken into custody and did refuse a blood test. She has a prior DUI out of General Sessions in 2010. She was driving on revoked for that DUI with priors in 2010, 2006, 2004, and 2003. She also did not have insurance. Her identity did not match [the information] she initially gave the officers.

The Defendant agreed the State's facts were correct.

Upon questioning by the trial court, the Defendant stated that she was driving while under the influence of drugs or alcohol and that she gave the police false information regarding her identity. She said she told the police she was Misty Etheridge, her sister, but provided them proper identification after she was arrested. She agreed she was previously convicted of DUI in 2010 and had four previous convictions for driving on a revoked license.

At the sentencing hearing on July 9, 2012, the presentence report was received as an exhibit. The report showed previous convictions for two DUIs, five thefts of property valued at $500 or less, three criminal impersonations, eight offenses of driving on a suspended, cancelled, or revoked license, two failures to appear, possession of drug paraphernalia, three forgeries valued at $1000 or less, failure to stop at the scene of an accident, and violating the driver's license and the financial responsibility laws. The report showed a previous probation revocation order from Warren County because of the Defendant's convictions in Rutherford County. Although the Defendant failed to complete the personal history questionnaire, the report stated that she had an eighth grade education and had been employed at S and V Cleaning from March 2001 to March 2005.

John Seaman, the Defendant's husband, identified a letter from Life House Recovery, which stated that the Defendant completed a substance abuse treatment program on November 28, 2011, and had "made good progress." The letter is not included in the record. He said she attended the program because she was convicted of DUI. He said that she had been disabled for four or five years. He said she had been drug free since attending the substance abuse program. He said the Defendant was about four months pregnant at the time of the sentencing hearing. He said that the pregnancy was considered high risk because of previous complications and early miscarriages and that the Defendant saw a specialist in Jackson about sixty miles from their home. A letter from the Defendant's doctor was received as an exhibit but is not included in the record. He said a family friend in Jackson agreed to allow the Defendant to stay with her during the remainder of her pregnancy.

On cross-examination, Mr. Seaman testified that the Defendant was arrested in 2003 for methamphetamine-related offenses and that it had been five or six years since she last used methamphetamine. Although he denied that he and his wife drank, he was surprised to learn that the Defendant tested positive for methamphetamine and cocaine and had a blood alcohol concentration of 0.15% at the time of her arrest. He said, though, that she "had come a long way" since her arrest. He said losing their home to a fire in December 2011 caused the Defendant's change but agreed the Defendant's previous DUI charge was before the fire.

Upon examination by the trial court, Mr. Seaman testified that the Defendant had "carpal tunnel" in both wrists and rheumatoid arthritis in her spine and was unable to work. He requested the court to have mercy on the Defendant.

The Defendant testified that she had taken Xanax the day she was arrested. She admitted she was convicted of DUI in Humboldt County in September 2011 after she was arrested on the present charges. She said she attended Life House after her September 2011 arrest. She said she asked the judge for permission to serve a portion of her sentence at Life House because she had a drug problem. She said that she had abused her pain medication in the past. She denied using marijuana, methamphetamine, and cocaine. She said she had served nine months' probation in another county and had never failed a drug screen. She said she saw her obstetrician four times weekly and received drug screens at each visit. She said that she received Social Security disability benefits. Proof of her benefits was received as an exhibit but is not included in the record. She said she had not used drugs in over one year.

On cross-examination, the Defendant testified that she had a drug problem for about twelve years. Regarding her previous forgery and theft convictions, she explained that she used her grandmother's checks and that she took items she needed from Walmart. She admitted smoking crack cocaine the day she was arrested on the present charges. She denied faking a seizure while in jail and beating her head on the booking counter. She said she took pain medication and Xanax and drank a "few sips" from one beer the day of her arrest.

Upon examination by the trial court, the Defendant testified that she was only taking the medications prescribed to her, which included Xanax. She said she was no longer prescribed pain medication. The court ordered a drug screen and recessed until the results could be obtained.

The sentencing hearing continued on July 23, 2012. The trial court stated that despite its previous order, no drug screen was performed and that the Defendant was not at fault. It noted, though, that it was concerned the Defendant had been under the influence on the first day of the hearing. The Defendant testified that she had only taken Xanax on the first day of the hearing and said that it might have caused her slurred speech. She denied taking

any other medication that day. On cross-examination, she stated that she took two one-milligram Xanax tablets that day, although she was only supposed to take one. She agreed that Xanax was not good for her unborn child and that she was probably impaired the first day of the hearing.

In determining the Defendant's sentence, the trial court considered the principles of sentencing, the presentence report, and the evidence at the guilty plea and sentencing hearings. The court stated that the Defendant appeared to be impaired the first day of the sentencing hearing because she had slurred speech and was unsteady on her feet. Regarding the DUI conviction, the court found that a problem with DUI-related offenses existed in the judicial district. The court found that the Defendant attempted to misrepresent herself to the police by giving them her sister's name.

The trial court found that mitigating factor (13) applied because she admitted her guilt and pleaded guilty to the offenses. *See* T.C.A. § 40-35-113(13) (2010) ("Any other factor consistent with the purposes of this chapter."). Although the court noted the Defendant's previous substance abuse treatment, it found that it had been unsuccessful.

The trial court found that enhancement factors (1), (8), and (13) applied. *See* T.C.A. §§ 40-35-114(1) (2010) ("The defendant has a previous history of criminal convictions or criminal behavior, in addition to those necessary to establish the appropriate range"), -114(8) ("The defendant, before trial or sentencing, failed to comply with the conditions of a sentence involving release in to the community"), and -114(13) (At the time the felony was committed, the defendant was released on probation). The court found that the Defendant had many previous felony and misdemeanor convictions and that she violated the conditions of probation at least nine times by committing new offenses. The court gave great weight to enhancement factors (1) and (8). The court found that she was on probation in the Jackson City Court for a theft of property conviction and on probation in the Madison County General Sessions Court for first offense DUI and driving with a suspended license convictions at the time she committed the present offenses. The court noted the Defendant showed a pattern of violating her probation by committing new offenses every few months.

The court found that less than two months after the Defendant was arrested on the present charges, she was arrested for theft of property and criminal impersonation, pleaded guilty, and received probation. The court found that two months later, she was arrested for DUI, pleaded guilty, and received a suspended sentence except for the required forty-five days in confinement. The court found that the last DUI occurred while she was on probation in Madison County and on bond for the present offenses.

The trial court sentenced the Defendant as a Range I, standard offender to four years for the identity theft conviction and eleven months, twenty-nine days for the second offense DUI conviction. The court also sentenced her to eleven months, twenty-nine days for the driving on a revoked license conviction. Regarding alternative sentencing, the court found that the Defendant's committing the present offenses while on probation in two courts and committing additional offenses while on bond for this case showed a lack of potential for rehabilitation. The court found that the Defendant could not follow the rules of probation or the rules of being released on bond. The court found that confinement was necessary to protect the public from the Defendant's future criminal conduct. The court also found that measures less restrictive than confinement had been unsuccessfully applied to the Defendant.

Regarding consecutive sentencing, the trial court found that the Defendant had an extensive record of criminal activity and committed the present offenses while on probation. The court ordered that the driving on a revoked license sentence be served consecutively to the DUI sentence. The court also ordered that the sentences be served consecutively to the sentence in case number 2011-CR-1590 in the Humboldt County General Sessions Court and consecutively to the sentences in case number 11-CR-359 in the Trenton Municipal Court. The court ordered consecutive sentencing because those offenses were committed while the Defendant was on bond. The court further ordered that the sentences be served consecutively to the sentence in case number 2011M-553 in the Jackson City Court and the sentences in case number 2010-CR-1499 in the Madison County General Sessions Court because the Defendant was on probation when she committed the instant offenses. This appeal followed.

The Defendant contends that the trial court erred by imposing consecutive sentences and argues that the court should have imposed concurrent sentences because she was remorseful, accepted responsibility for her actions, maintained good progress in her sobriety, and was expecting her first child. The State responds that the court did not abuse its discretion by ordering consecutive sentences. We agree with the State.

The determination of concurrent or consecutive sentences is a matter left to the discretion of the trial court and should not be disturbed on appeal absent an abuse of discretion. *State v. Blouvet*, 965 S.W.2d 489, 495 (Tenn. Crim. App. 1997). Consecutive sentencing is guided by Tennessee Code Annotated section 40-35-115(b) (2010), which states, in pertinent part, that the court may order sentences to run consecutively if it finds by a preponderance of the evidence that "the defendant is an offender whose record of criminal activity is extensive" or "the defendant is sentenced for an offense committed while on probation." T.C.A. § 40-35-115(b)(2)(6). "These criteria are stated in the alternative; therefore, only one need exist to support the appropriateness of consecutive sentencing." *State v. Mickens*, 123 S.W.3d 355, 394 (Tenn. Crim. App. 2003).

The record shows that the Defendant had over twenty-five previous convictions, involving DUI, theft, criminal impersonation, driving on a suspended, cancelled, or revoked license, failure to appear, possession of drug paraphernalia, forgery, and failure to stop at the scene of an accident. The instant offenses occurred on July 7, 2011, while the Defendant was on probation in two counties. Likewise, while released on bond in the present case, the Defendant was arrested for DUI in Humboldt County and for theft and criminal impersonation in Trenton. The trial court did not abuse its discretion by ordering consecutive sentencing.

In consideration of the foregoing and the record as a whole, we affirm the judgments of the trial court.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE